■ In the Matter of WILLIAM D. KING, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 (1) to review a determination of the respondent Chancellor which removed the petitioner from his position as acting principal and reassigned him as a teacher, and (2) to compel reinstatement of the petitioner as acting principal with back pay, the appeal is from a judgment of the Supreme Court, Kings County, entered August 16, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements. The arbitrator's determination that the petitioner had the status of an "acting principal" and was entitled to a hearing upon his dismissal is binding (see *Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189-190; *Rembrandt Inds. v Hodges Int.,* 38 NY2d 502). The only question to be decided in a review of the posthearing dismissal of the petitioner is whether the determination was supported by substantial evidence (CPLR 7803, subd 4). Where that question is raised, the proceeding should be transferred to the Appellate Division for disposition (CPLR 7804, subd [g]). Special Term erred in disposing of the proceeding in the first instance and in applying the "arbitrary and capricious" standard. However, we may consider the matter as if it had been transferred properly (see *Matter of Hammerl v Mavis,* 41 AD2d 724, affd 34 NY2d 579). Having so considered the case, we conclude that there is substantial evidence to support the Chancellor's determination that the petitioner was negligent. The penalty of dismissal as acting principal and reassignment as a teacher is not so disproportionate to the offenses charged as to be shocking to one's

sense of fairness (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.