■ In the Matter of THOMAS H. SMITH, III, Appellant, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeals (1) from a judgment of the Supreme Court at Special Term (Conway, J.), entered January 13, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel the issuance of an appropriate teaching certificate, and (2) from an order of said court, entered June 30, 1982 in Albany County, which denied petitioner's motion for reargument of the petition. By CPLR article 78 proceeding commenced on October 29, 1981, petitioner, a teacher in the Wallkill Central School District, sought to compel the issuance of an appropriate teaching certificate retroactive to September 1, 1979. Petitioner had been informed by the school district in 1978 that he would need permanent certification in order to continue his employment and, by application dated August 31, 1979, requested provisional certification for elementary education (nursery school through grade six). Although petitioner's application for this certification was reviewed on numerous occasions by both the school district and the State

Education Department, petitioner was never found to be entitled to an elementary education certificate. A major obstacle which prevented petitioner from receiving the requested certification was his deficiency in the supervised student teaching requirement. While the initial evaluation of petitioner's request by the school district had waived the student teaching requirement based upon petitioner's full-time teaching experience, a subsequent review of the application by the State Education Department indicated that the waiver was not proper since petitioner's teaching experience was not on the level for which the certification was sought. At the core of the instant CPLR article 78 proceeding is petitioner's contention that his prior teaching experience is sufficient to satisfy the supervised student teaching requirement necessary for certification in elementary education. Special Term dismissed the petition after concluding that the proceeding was not timely commenced within the four-month limitation contained in CPLR 217. The basis for this determination was Special Term's finding that the decision not to allow petitioner to substitute his full-time teaching experience for the student teaching requirement became "final and binding" upon petitioner for Statute of Limitations purposes (see CPLR 217) on January 24, 1980, when a letter was sent to petitioner from the school district informing him of the position taken by the State Education Department. While petitioner's contention that the January 24, 1980 letter did not trigger the four-month Statute of Limitations may have merit, it is not necessary for us to resolve that issue since the record reveals that a document dated May 1, 1980 sent by the school district to petitioner clearly indicated that the elementary education certificate was being denied due to a deficiency in supervised student teaching. This document, which was entitled an "updated evaluation", was final and binding upon petitioner with regard to that issue and was not subsequently challenged by means of a CPLR article 78 proceeding commenced within four months. The fact that petitioner subsequently made another unsuccessful application for certification in elementary education as well as other areas, based upon the identical facts that were contained in his initial application, does not alter this conclusion (see *Matter of Qualey v Shang,* 70 AD2d 619, 621). Accordingly, Special Term's judgment dismissing this proceeding on the ground of untimeliness was correct. Petitioner has also appealed from an order of Special Term which denied his subsequent motion for reconsideration pursuant to CPLR 2221. Petitioner argues that this motion was in the nature of a motion to renew since it was based upon new evidence, i.e., that petitioner had been found eligible for business education certification (grades 7 through 12) in March of 1982. We reject this argument. Not only was this newly submitted evidence not in existence at the time Special Term made its prior determination, it is not even relevant to the issue of petitioner's entitlement to certification for elementary education (see *Foley v Roche,* 68 AD2d 558, 568). Accordingly, petitioner's motion was, in reality, a motion to reargue, the denial of which is not appealable (*Matter of Williamson v Shang,* 73 AD2d 836). Judgment and order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.