■ In the Matter of MATTHEW K. O'BRIEN, Respondent, v NORMAN STEISEL et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Sanitation of the City of New York, dated August 6, 1982, which dismissed the petitioner from his position as tractor operator, the Commissioner appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated July 12, 1983, which granted the petition to the extent that the penalty imposed was reduced to a fine.

Judgment reversed, on the law, with costs, determination confirmed and proceeding dismissed on the merits.

The petitioner, a tractor operator for the Department of Sanitation of the City of New York (Department), was charged with misconduct in that he demanded and accepted sums of money from two individuals in return for a promise to obtain for them union membership and jobs with the Department.

After full hearings, the petitioner was found guilty of violating rules 4(a) and 4(b) of the Department's Code of Discipline in that he demanded and accepted gratuities in connection with departmental operations or relations. He was dismissed from his position as tractor operator.

Special Term modified the determination to vacate the penalty of dismissal and provided for the imposition of a fine equal to six months' salary. The Commissioner of the Department of Sanitation of the City of New York appeals from that determination.

Since the issues raised in the petition were whether the actions of the Commissioner were arbitrary and capricious and not supported by substantial evidence, Special Term should not have decided the matter, but rather it should have transferred it to this court (CPLR 7804, subd [g]). However, we may consider the matter as if it had been transferred properly (*Matter of*

*Quinn v Werner,* 96 AD2d 1079, app dsmd 61 NY2d 868; *Matter of Richardson v Board of Educ.,* 80 AD2d 901; *Matter of King v Board of Educ.,* 71 AD2d 895.).

We find that there is substantial evidence to support the determination of the Commissioner and that the penalty imposed was a reasonable exercise of his discretion (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222).

The judgment of Special Term should be reversed, the determination of the Commissioner confirmed, and the proceeding dismissed on the merits. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.