In the Matter of Thomas H. Smith, III, Appellant, v Donald V. Andrews, as Superintendent of Schools for the Wallkill Central School District, et al., Respondents. (Proceeding No. 1.) In the Matter of the Arbitration between Wallkill Central School District, Appellant, and Thomas H. Smith et al., Respondents. (Proceeding No. 2.) (And Another Related

Proceeding.)—Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court at Special Term (Kahn, J.), entered April 11, 1985 in Albany County, which dismissed the application of Thomas Henry Smith, III, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel the issuance of an appropriate teaching certificate, and (2) from an order and judgment of the Supreme Court at Special Term (Torraca, J.), entered May 24, 1985 in Ulster County, which, *inter alia,* denied Wallkill Central School District's application pursuant to CPLR 7503 to stay arbitration and granted Wallkill Teachers Association's application to compel arbitration between the parties.

This is the third time this matter has been before this court. Thomas Henry Smith, III, was employed by the Wallkill Central School District (hereinafter the School District), commencing in 1966, as a tenured middle school mathematics teacher pursuant to a provisional teaching certificate. This certificate expired in 1975. Smith had repeatedly been warned by the School District as early as 1979 of the necessity of his obtaining a permanent certificate. His 1979 application for such certificate was denied in 1980 on the ground that he was lacking certain student teaching experience. Smith's CPLR article 78 proceeding, which sought a declaration that his actual experience satisfied the requirement, was dismissed on Statute of Limitations grounds *(Matter of Smith v Ambach,* 92 AD2d 967, *lv denied* 59 NY2d 603).

On May 21, 1981, the School District suspended Smith without pay and commenced a disciplinary proceeding for the purpose of terminating his employment *(see,* Education Law § 3020-a), the charge being his failure to obtain the required certification. On March 18, 1982, while the disciplinary proceeding was pending, the Education Department (hereinafter the Department) issued Smith a provisional certificate, effective September 1, 1981, to teach business education. Smith promptly commenced a second article 78 proceeding, seeking reinstatement as a teacher with back pay from September 1, 1981, based on this provisional certificate. Special Term, by judgment entered April 18, 1983, denied reinstatement but granted back pay, apparently on the theory that, due to the provisional certificate, Smith was a teacher on September 1, 1981 and could not be suspended without pay pending the resolution of the disciplinary proceeding. In July 1984, this court set aside the award of back pay *(Matter of Smith v Board of Educ.,* 102 AD2d 655, *affd* 65 NY2d 797).

While the second article 78 proceeding was in litigation, the disciplinary proceeding was concluded. On January 7, 1983,

the hearing panel decided to suspend Smith without pay for a period of one year, during which time he could seek to complete all certification requirements. His failure to do so would result in termination of his employment after the one-year period. Smith did not appeal this decision, nor did he take any steps to obtain the necessary certification.

On June 27, 1984, the Department issued Smith a provisional elementary school teaching certificate, effective February 1, 1984. Based on this provisional certificate, Smith commenced a third article 78 proceeding, again seeking reinstatement with back pay retroactive to September 1, 1979. Special Term dismissed the proceeding and Smith took the instant appeal.

Additionally, on December 13, 1984, the Wallkill Teachers Association (hereinafter the Association), acting on Smith's behalf, filed a demand for arbitration. The School District made application pursuant to CPLR 7503 (b) to stay arbitration. The Association answered and applied pursuant to CPLR 7503 (a) to compel arbitration. Special Term ruled in the Association's favor, and the School District has appealed.

Turning first to Smith's appeal from the dismissal of his article 78 proceeding, it is argued that this court's decision in the second article 78 proceeding, as affirmed by the Court of Appeals, is determinative under the doctrines of collateral estoppel or stare decisis. In the second article 78 proceeding, the issue was the effect of the provisional certificate to teach business education with regard to the School District's position that Smith was not a certified teacher. That issue is foreign to the instant proceeding. A reading of the petition herein reveals that its focus is on the most recent provisional teaching certificate which was made effective February 1, 1984. Smith claims (1) that the certificate should have been made retroactive to September 1979 and (2) that the certificate satisfied the condition in the hearing panel's decision that Smith had one year to obtain the necessary certification. Since these issues were not involved in the prior proceeding, the doctrines of collateral estoppel and stare decisis are inapplicable.

Turning to the merits, it is clear that the article 78 proceeding must be dismissed. The decision of the hearing panel gave Smith one year to complete certification requirements. Smith did nothing during that period. It was not until March 14, 1984, about six weeks after the one-year period expired, that Smith requested the provisional elementary school teaching

certificate which he now claims satisfied the hearing panel's decision. The fact that the certificate was backdated does not change the fact that it was not sought until after the one-year period had expired. We note in this regard that the fact that the School District may not have formally terminated Smith's employment immediately upon the expiration of such period is irrelevant to the issue in this proceeding. The hearing panel's decision gave Smith one year to complete certification requirements and the School District's failure to terminate his employment would not have the effect of extending that time period.

Even if the February 1, 1984 provisional certificate had been timely sought, it would not have complied with the hearing panel's decision. The position Smith had occupied with the School District was that of a *middle school* mathematics teacher. The February 1, 1984 provisional certificate is for elementary education. Affidavits submitted by the School District and the Department on the motion to dismiss this proceeding make it clear that this certificate did not comply with the condition set forth in the hearing panel's decision. Thus, Smith was not entitled to reinstatement by virtue of the February 1, 1984 certificate, regardless of when the certificate was sought or dated. To the extent that Smith seeks backdating of the certificate, papers submitted by the Department indicate that the effective date was reasonably related to the date of Smith's request. Smith submits no authority for his position that the Department was required to backdate the certificate any earlier than it did.

Dealing with the arbitration proceedings, we are of the view that the School District's application to stay arbitration should have been granted. The hearing panel sustained the charges against Smith and gave him one year to complete certification requirements. We have concluded that Smith failed to comply and was not entitled to reinstatement. The inartfully drawn statement of the issue in the demand for arbitration reads: "Vacancies—Article 3.3.6.3 and 3.3.6.4 Grievant Thomas Smith possesses appropriate certification and is entitled to employment in the Wallkill Central School District." The demand does not state the theory it is relying on, but it is clear that the issue of whether Smith is entitled to reinstatement has already been litigated and resolved. This is the same issue sought to be arbitrated. Further, the Association's contention that arbitration should proceed since it alone is the party and it was not a party to petitioner's other proceeding is rejected. Certainly, a situation could be envi-

sioned where a union's position on an issue is different from, or at least of more general applicability than, that of an individual member such that it would not be appropriate for the union to be bound by the result of the member's litigation. Here, however, the interest of the parties is identical. Because of the identity of issue and the de facto identity of the parties, this case is unlike *Matter of City School Dist. (Poughkeepsie Public School Teachers Assn.)* (35 NY2d 599). To allow the parties to arbitrate this matter would be to allow an arbitrator to pass on issues which have been finally resolved by litigation.

Judgment entered April 11, 1985 affirmed, without costs.

Order and judgment entered May 24, 1985 reversed, on the law, without costs, Wallkill Central School District's application to stay arbitration granted and Wallkill Teachers Association's application to compel arbitration denied. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.