■ In the Matter of WILLIAM CARANGELO, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 27, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education directing petitioner's termination as a teacher.

Petitioner, a tenured teacher employed by respondent Windsor Central School District in Broome County, was charged with failing to properly safeguard his students' Regents examinations, failing to accurately grade such examinations and altering the answers on the examinations. A hearing was held before a tenure hearing panel pursuant to Education Law § 3020-a, after which petitioner was found guilty of failing to properly safeguard his students' Regents examinations. He was found not guilty of the other charges. The panel recommended that petitioner be suspended without pay for six months. Upon the District's appeal, respondent Commissioner of Education modified the panel's determination by finding petitioner guilty of all of the charges and directing that petitioner be dismissed from his teaching position. Petitioner commenced this CPLR article 78 proceeding challenging the Commissioner's determination. The petition was dismissed by Supreme Court and this appeal by petitioner ensued.

Initially, we reject petitioner's contention that the hearing panel's decision was final and binding on the Commissioner. The Commissioner has broad powers to review the hearing panel's determination and he may substitute his judgment for that of the hearing panel even where the panel's determination is supported by the evidence in the record (see, Matter of Shurgin v Ambach, 56 NY2d 700, 702; Matter of McNamara v Commissioner of Educ., 80 AD2d 660, appeal dismissed 64 NY2d 1110). The issue upon judicial review, thus, is not the propriety of the hearing panel's decision, but whether the

Commissioner's determination is supported by substantial evidence.*

The charges in this case revolve around a Regents examination in social studies given in June 1983. Petitioner was one of four social studies teachers at the high school, and each teacher was responsible for grading the examinations given to his class. It became apparent to school officials that some impropriety had occurred when it was noticed that petitioner's students scored significantly higher than the other classes on the objective part of the examination, while scoring lower on the other two parts of the examination which included subjective answers. Also, while the answer sheets of the other classes averaged about two changed answers on the objective part of the test, the answer sheets of petitioner's class averaged over 15 changes. Further, it was obvious that many of the changes were not made by the students involved, since, in some cases, the ink was different. A handwriting expert called by the District testified at the hearing that the majority of the changes were not made by the students who took the examination. Further, he testified that, based on his handwriting analysis, there was a "high probability" that many of those changes were made by petitioner. A handwriting expert called by petitioner testified that since the writings examined consisted solely of the single digits "1", "2", "3" and "4", it was not possible, with any degree of certainty, to determine whether petitioner made the corrections. The hearing panel found that there was insufficient evidence that petitioner had made the alterations or misgraded the examinations. However, it found petitioner guilty of failing to safeguard the examinations. The Commissioner disagreed, finding sufficient evidence that petitioner had altered the answers.

The Commissioner's decision, resulting as it did from an adjudicatory hearing, must be upheld if based on substantial evidence (see, CPLR 7803 [4]). The uncontradicted 'evidence indicates that of a total of 705 answers on 15 students' examinations, 79 were altered by someone other than the student. Petitioner admitted to school officials that it was apparent that the answers had been changed by someone other than the students but that he did nothing about it. The District's expert opined that it was highly probable that

---

* Supreme Court properly did not pass on this issue since it can only be resolved by this court (CPLR 7804 [g]). In order to obtain review of this issue, petitioner should have moved for an order of transfer. However, since the issue was raised in the verified petition and respondents raise no objection, we will ignore the procedural defect.

petitioner made 76 of these 79 alterations. While petitioner's expert stated his opinion that it was not possible to identify petitioner as the individual who made the alterations, the Commissioner was free to choose to credit the opinion of the District's expert (see, Matter of Levyn v Ambach, 85 AD2d 792, affd 56 NY2d 912). Further, petitioner's failure to testify permitted the Commissioner to draw the strongest inference against him that the opposing evidence in the record allowed (see, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141). In our view, the Commissioner's determination was supported by substantial evidence in the record.

We also reject petitioner's argument that the Commissioner improperly relied on documentary evidence which was hearsay. In a hearing such as the instant one the technical rules of evidence need not be followed (Education Law § 3020-a [3] [c]). Technically inadmissible evidence will be admissible in a hearing pursuant to this statute unless the admission of that evidence violates the fundamentals of a fair hearing (see, Matter of Jerry v Board of Educ., 50 AD2d 149, 159, appeal dismissed 39 NY2d 1057). Such is not the case here. Petitioner does not suggest that the documents are unreliable, nor did the documents bear directly on the issue of whether petitioner falsified the answers on the examinations. We note that the fact that the hearing panel accepted the documents, not for the truth of their contents but only on the issue of the scope of the District's investigation, did not so bind the Commissioner. He could fully consider the documents for the truth of their contents since, as discussed above, they were admissible despite their hearsay character.

Finally, petitioner challenges the penalty imposed as excessive. The penalty will be set aside only where it is " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233, quoting Matter of McDermott v Murphy, 15 AD2d 479, affd 12 NY2d 780). Petitioner's offense goes to the heart of one of the most integral aspects of the education process: integrity in conducting examinations. Altering the answers given on an examination, or even ignoring alterations obviously not made by the student, amounts to a serious breach of a teacher's obligations. The Commissioner was entitled to take serious action and dismissal is not so shocking in light of the offense as to warrant annulment.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.