OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner was New York City’s Chief Medical Examiner. Charges of professional misconduct in the performance of autopsies were brought against him under Education Law § 6509 (2). A committee was appointed to conduct the disciplinary hearing and an Administrative Officer (AO) was designated as a member of the committee (see, Public Health Law § 230 [10] [e]). On motion of petitioner, the AO ruled that performance of an autopsy is not the "practice of medicine” as that term is defined in Education Law § 6521. She dismissed the charges on the ground that the State Board for Professional Medical Conduct thus lacked subject matter jurisdiction. Following review by both the Commissioner of Health and the Regents Review Committee, the Board of Regents reversed the order of the AO and remanded the matter to the hearing .committee for further proceedings on the merits. An *861 order was entered accordingly by the Commissioner of Education.
In this article 78 proceeding brought pursuant to Education Law § 6510-a (4), petitioner seeks relief in the nature of prohibition. He again asserts that because the performance of autopsies is not the practice of medicine, jurisdiction over the subject matter of the inquiry is lacking. While a proceeding in the nature of prohibition is the appropriate method of challenging subject matter jurisdiction (Matter of Steingut v Gold, 42 NY2d 311, 316; Matter of Dondi v Jones, 40 NY2d 8, 15; see, Matter of Rush v Mordue, 68 NY2d 348, 355), this petition is without merit and was, therefore, properly dismissed by the Appellate Division.
Education Law § 6521 defines the practice of medicine as "diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” Contrary to petitioner’s claim that medicine may be practiced only on living patients, the statute contains no such limitation (compare, Education Law § 6701 [practice of veterinary medicine defines "animal” as "every living creature except a human being”]). Clearly, an autopsy is the ultimate diagnostic procedure through which are determined the cause and means of death. Accordingly, since the practice of medicine includes the performance of autopsies, subject matter jurisdiction obtains.
We also reject petitioner’s argument that the decision and order of the AO dismissing the charges is not subject to review by the Commissioner of Health and the Board of Regents (see, Matter of Doe v Axelrod, 71 NY2d 484). While the authority of the AO to make legal rulings is statutorily defined (Public Health Law § 230 [10] [e]), neither Public Health Law § 230 nor Education Law § 6510-a precludes reversal of those rulings within the orderly process of administrative review. Absent a specific legislative mandate to the contrary, we perceive no basis for attributing finality to an order made by an Administrative Officer which erroneously dismisses charges of professional medical misconduct.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., Bellacosa and Dillon* concur.
Judgment affirmed, with costs, in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.