■ In the Matter of BENJAMIN MURPHY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority (hereinafter the Transit Authority), dated November 14, 1985, dismissing the petitioner from his position as a yard dispatcher, the Transit Authority appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated July 30, 1986, which granted the petition to the extent of vacating the penalty of dismissal and remitting the matter to it for imposition of a new penalty.

Ordered that the judgment is reversed, on the law and the facts, the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

Initially, we note that the instant petition raises an issue of substantial evidence; hence, the Supreme Court, Kings County, should have transferred the proceeding to this court (see, CPLR 7804 [g]; Matter of O'Brien v Steisel, 104 AD2d 817). However, this court is empowered to treat the issues de novo as if the matter had been properly transferred (see, Johnson v Ward, 124 AD2d 466; Matter of King v McMickens, 120 AD2d 351, affd 69 NY2d 840, rearg denied 69 NY2d 985; Matter of O'Brien v Steisel, supra).

Upon our review of the record, we find that there is substantial evidence to support the determination of the Transit

Authority sustaining the charges against the petitioner, nor do we find the penalty imposed to be so disproportionate to the offense as to shock the conscience of the court *(see, Matter of Kutchera v New York City Tr. Auth.,* 37 NY2d 732; *Matter of Waldron v New York City Tr. Auth.,* 69 AD2d 907; *see generally, Matter of Pell v Board of Educ.,* 34 NY2d 222).

Contrary to the petitioner's present contention, the Transit Authority did not reverse the findings of fact made by the Hearing Officer, but instead sustained those findings and validly exercised its discretion in imposing a penalty greater than that which was originally recommended. Thus, there is no basis upon which to remit the matter for new factual findings *(cf., Matter of Becton v New York City Tr. Auth.,* 130 AD2d 745).

We have considered the petitioner's remaining contentions and find them to be without merit. Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.