■ In the Matter of XENOPHON P. DAMIANOS, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health, dated November 13, 1989, which found the petitioner guilty of various improper prescription practices in violation of Public Health Law article 33, and imposed fines totalling $6,800.

Adjudged that the determination is confirmed, with costs, and the proceeding is dismissed on the merits.

Substantial evidence was presented at the hearing to support the Commissioner's determination that the petitioner violated Public Health Law §§ 3304, 3331 (6); § 3332 (2) (d); (3); § 3338 (1); and § 3350. Although the Administrative Law Judge who presided at the hearing reached a different conclusion on most of the violations charged, the Commissioner was not bound by his recommendations *(see, Matter of Gross v Ambach,* 71 NY2d 859; *Matter of Carangelo v Ambach,* 130 AD2d 898; *Matter of Fabulous Steak House v New York State Liq. Auth.,* 186 AD2d 566 [decided herewith]).

The petitioner's assertion that the delay of approximately 4½ years between the submission of the Administrative Law Judge's recommendations and the issuance of the respondent's decision resulted in substantial prejudice is without merit, since no evidence of actual injury was presented *(see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; *Matter of Major v Board of Regents,* 160 AD2d 1041,

1044; *Matter of Erdos v New York State Dept. of Educ.,* 105 AD2d 504; *cf., Matter of Heller v Chu,* 111 AD2d 1007).

Considering the degree of the petitioner's violation of controlled substances prescription procedure, we cannot say that the penalty imposed was " 'shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents,* 4 AD2d 361, 364).

We have examined the petitioner's remaining contention and find it to be without merit. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.