■ In the Matter of JOSEPH WHITING, Petitioner, v VILLAGE OF OLD BROOKVILLE POLICE DEPARTMENT et al., Respondents. [632 NYS2d 629] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Old Brookville Board of Police Commissioners, dated December 1, 1993, which, *inter alia*, after a hearing, confirmed the report and recommendation of a Hearing Officer finding the petitioner guilty of violating the Rules and Regulations of the Old Brookville Police Department, and dismissed him from his position as a police officer in that department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

"It is well settled that judicial review of a determination rendered by an administrative body after a hearing is limited to whether that determination is supported by substantial evidence upon the entire record" (*Matter of Liuzzo v State of N.Y. Dept. of Motor Vehicles Appeals Bd.*, 209 AD2d 618; *see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Boyd v Constantine*, 81 NY2d 189, 196, citing *300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra*). In addition, the decision of a Hearing Officer to credit the testimony of witnesses is largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to the printed record (*see, Matter of Hall v Del Castillo*, 174 AD2d 743; *see, Matter of Berenhaus v Ward*, 70 NY2d 436). Here, the Board's determination was supported by substantial evidence.

The penalty of dismissal is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Boyd v Constantine*, 81 NY2d 189, *supra; Matter of Pell v Board of Educ.*, 34 NY2d 222).

The petitioner's remaining contentions are without merit. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.