■ In the Matter of BARRY T. CORCORAN et al., Petitioners, v CITY OF NEWBURGH et al., Respondents. [656 NYS2d 884] —Pro-

ceeding pursuant to CPLR article 78 to review a determination of the respondent Harold Porr, City Manager of the City of Newburgh, dated May 24, 1995, which rejected the recommendation of a Hearing Officer, made after a hearing, and found that the petitioner Barry T. Corcoran was guilty of violating the Rules and Regulations of the City of Newburgh Police Department, and dismissed him from his position as a Police Officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioners' contention, the determination of the respondent Harold Porr, City Manager of the City of Newburgh, is supported by substantial evidence in the record (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Whiting v Village of Old Brookville Police Dept.,* 220 AD2d 600). This evidence included the testimony of a New York State Trooper as to his observations and the results of scientific tests he performed, the testimony of a City of Newburgh Police Sergeant, the testimony of the individual whose vehicle was struck by the vehicle being driven by the petitioner Barry T. Corcoran, and the admissions of Corcoran at the hearing. While the Hearing Officer made a contrary recommendation, the respondent City Manager was not bound thereby and was free to make different or additional factual and credibility findings, as long as substantial evidence supported the determination (see, *Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Nieto v DeBuono,* 231 AD2d 573; *Matter of Damianos v Axelrod,* 186 AD2d 564; *Matter of Carangelo v Ambach,* 130 AD2d 898).

The penalty of dismissal is not so disproportionate to the offense as to be shocking to one's sense of fairness (see, *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Whiting v Village of Old Brookville Police Dept.,* 220 AD2d 600, *supra*).

The petitioners' remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.