■ In the Matter of JOHN MIRANTE, Appellant, v BOARD OF EDUCATION OF UTICA CITY SCHOOL DISTRICT, Respondent. [751 NYS2d 917] —Appeal from certain parts of a judgment (denominated order) of Supreme Court, Oneida County (Siegel, J.), entered June 28, 2001, that, inter alia, precluded petitioner from raising any issues concerning the appropriateness of the remediation plan or its terms at any subsequent Education Law § 3020-a hearing.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by deleting from the last sentence of the last decretal paragraph all language following the word "year" and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking reinstatement to his position as a school teacher and full back pay and benefits. Supreme Court granted the petition to the extent of directing respondent to reinstate petitioner with back pay and benefits retroactive to September 1, 2000, without prejudice to respondent's seeking a further Education Law § 3020-a hearing with respect to petitioner's alleged failure to complete the remediation plan. The court also precluded petitioner from raising any issues concerning the appropriateness of the remediation plan or its terms at any such hearing based on its determination that any challenge to the remediation plan was time-barred. We agree with petitioner that the hearing officer may "hear and decide all motions, including but not limited to motions to dismiss the charges" based on, inter alia, the issue of timeliness (§ 3020-a [3] [c] [iii] [B]). We therefore modify the judgment by deleting from the last sentence of the last decretal paragraph all language following the word "year." Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Burns, JJ.