■ In the Matter of MARK DIEFENTHALER et al., Petitioners, v JOEL I. KLEIN, as Chancellor, New York City Department of Education, et al., Respondents. [811 NYS2d 653]—

Determinations of respondent Chancellor of the New York City Department of Education, dated April 8, 2004, which, based upon findings of an Administrative Law Judge, sustained certain specifications of misconduct against petitioners, rejected the Administrative Law Judge's recommendation to suspend each petitioner for 25 days without pay, and instead ordered the immediate termination of petitioners' employment, unanimously modified, on the law, to the extent that the penalty assessed against petitioners is vacated, the determinations otherwise confirmed, without costs, the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of the Supreme Court, New York County [Barbara R. Kapnick, J.], entered January 24, 2005) otherwise dismissed, and the matter remanded to respondents for imposition of an appropriate lesser penalty.

On September 5, 2002, petitioners, both employees of respon-

dent Department of Education, were assigned to do carpentry work in lavatories at P.S. 308 in Brooklyn. As relevant to this proceeding, the Department subsequently charged petitioners with having been outside P.S. 308 on that day for 3½ hours during which they were supposed to be in the school working on the lavatory job. For 3 hours out of the 3½ hours that they were allegedly improperly outside P.S. 308, petitioners were allegedly sitting in petitioner Diefenthaler's vehicle while it was parked in front of the school. Petitioners sought to explain their actions as due to their inability to find the school custodian to obtain permission to work in the lavatories (as they were required to do by departmental regulations), and claimed that they were doing work-related paperwork while sitting in the parked vehicle. After a hearing, however, an Administrative Law Judge found that petitioners' actions on September 5, 2002 made them guilty of neglect of duty and inefficient service, and these findings were adopted by the Chancellor.

Since the findings sustaining the charges against petitioners are supported by substantial evidence, they must be confirmed (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]). Contrary to petitioners' argument, the Chancellor's rejection of the Administrative Law Judge's penalty recommendation did not require that new findings of fact be made, since the determination imposing a more severe penalty implicitly adopted the Administrative Law Judge's findings concerning petitioners' conduct (*see Matter of Close v Hammond*, 166 AD2d 845, 846 [1990], citing *Matter of Murphy v New York City Tr. Auth.*, 139 AD2d 651, 652 [1988]). Nor have petitioners established that their case was prejudged.

The petition has merit, however, to the extent it challenges the penalty the Chancellor imposed. On this record, the penalty of dismissal is so disproportionate to petitioners' offense, in view of each petitioner's lengthy and otherwise unblemished record of service, that the imposition of this sanction "shocks the judicial conscience and, therefore, constitutes an abuse of discretion as a matter of law" (*Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000], citing *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232-234 [1974], and *Matter of John Paterno, Inc. v Curiale*, 88 NY2d 328, 336 [1996]). Prior to the September 5, 2002 incident forming the basis for the charges, petitioners Leonardi and Diefenthaler had been employed as carpenters by respondent agency for more than a decade (since 1986 and 1991, respectively); neither had any prior disciplinary history; and both were acknowledged by

their supervisors to have been skilled and efficient workers, and to have consistently performed their jobs in a highly professional manner. Against this background, the single incident at issue—for which petitioners have an explanation that is plausible, albeit not completely satisfactory—cannot be said to have warranted the severe penalty of dismissal (*see Matter of Weinstein v Department of Educ. of City of N.Y.*, 19 AD3d 165 [2005], *lv denied* 6 NY3d 706 [2006]; *Matter of Murray v Ilion Water Commn.*, 9 AD3d 903, 904 [2004]; *Matter of Lagala v New York City Police Dept.*, 286 AD2d 205, 206 [2001], *lv denied* 97 NY2d 605 [2001]; *Matter of Lewandowski v Port Auth. of N.Y. & N.J.*, 229 AD2d 360, 361 [1996]).

Nothing in the record contradicts petitioners' claim that P.S. 308's custodian was unavailable to permit them to work in the lavatories during the periods they were outside the building on September 5. Viewing the record in the light most favorable to respondents, the custodian's absence presented petitioners with the dilemma of what to do in the absence of the person whose permission they were strictly required to obtain before entering the locations of their assignment. Under these circumstances, it was not entirely unreasonable for petitioners to sit in their parked vehicle outside the school while waiting for the custodian to return. Significantly, petitioners are not alleged to have left the immediate vicinity of the school for an extended period to engage in any inappropriate frolic of their own. While we recognize the Chancellor's right to conclude that petitioners should have taken a more active approach to resolving the problem presented by the custodian's absence, we find it shocking to the conscience that these long-standing and well-regarded employees have been terminated for such an isolated error of judgment. We further observe that petitioners apparently completed their job at P.S. 308 the next day. In sum, we find that, under the circumstances of this case, the imposition of the penalty of dismissal constitutes an abuse of discretion as a matter of law. Concur—Andrias, J.P., Saxe, Friedman, Williams and Malone, JJ.