■ In the Matter of Franklin Solis, Respondent, v Department of Education of City of New York et al., Appellants. [817 NYS2d 901]—

In a proceeding pursuant to CPLR article 75 and Education Law § 3020-a to vacate a determination of a hearing officer dated January 7, 2005, which, after a hearing, found the petitioner guilty of misconduct and terminated his employment with the Department of Education of the City of New York, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Kings County (Jones, J.), dated June 15, 2005, as granted the petition to the extent of reducing the penalty imposed from termination to suspension for a period of six months.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the appellants for the imposition of a penalty less than termination.

In light of, among other things, the petitioner's otherwise unblemished 12-year record as a teacher, the penalty of termination of employment was so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Hegarty v Board of Educ. of City of N.Y., 5 AD3d 771 [2004]; Matter of Weinstein v Department of Educ. of City of N.Y., 19 AD3d 165 [2005], lv denied 6 NY3d 706 [2006]; cf. Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]; Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County, 26 AD3d 433 [2006]). However, the Department of Education of the City of New York, instead of the Supreme Court, should have imposed a different penalty. Thus, we remit the matter to the appellants for the imposition of a penalty less than termination (cf. Matter of DeStefano v Board of Coop. Educ. Servs. of Nassau County, supra). Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.