■ BRUCE HARRIS, Appellant, v DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [890 NYS2d 11]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 31, 2008, which denied the petition challenging respondents' determination terminating petitioner's employment as a New York City school teacher and seeking full reinstatement of petitioner's employment with back pay and benefits, granted respondents' cross motion to dismiss the petition and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

There is no ambiguity, patent or otherwise, in the decision issued by respondent Department of Education's (DOE) Hearing Officer. On the contrary, the mandate of the decision's language

was clear in that petitioner, a tenured teacher, was to both serve his six-month suspension and complete the sexual harassment training before he could be reinstated to his position.

There exists no basis to find that petitioner's due process rights were in any way violated, as the record shows that DOE held a full hearing pursuant to Education Law § 3020-a and presented testimony from the complainant and other witnesses; petitioner also presented evidence, including his own testimony. The Hearing Officer then issued a detailed decision based on the evidence, and the record provides ample support for the Hearing Officer's findings. Despite this process, petitioner still had not completed the directed sexual harassment training 10 months later.

Furthermore, there is no merit to petitioner's argument that a second hearing pursuant to Education Law § 3020-a was necessary before his employment was terminated, as petitioner raised no factual issue over the completion of the directed training (*see Matter of Smith v Andrews*, 122 AD2d 310 [1986], *lv denied* 69 NY2d 604 [1987]; *cf. Matter of Mirante v Board of Educ. of Utica City School Dist.*, 300 AD2d 1000 [2002]). Concur—Gonzalez, P.J., Andrias, Saxe, Renwick and Manzanet-Daniels, JJ.