■ In the Matter of TINA LIU, Appellant, v NEW YORK CITY BOARD/DEPARTMENT OF EDUCATION, Respondent. [967 NYS2d 334]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered February 9, 2012, confirming an arbitration award, dated June 10, 2011, which, following a hearing pursuant to Education Law § 3020-a, found petitioner guilty of certain charges and fined her $12,500, denying the petition to vacate the award, and dismissing the proceeding, unanimously modified, on the law, to reduce the fine to $1,250, and otherwise affirmed, without costs.

The record demonstrates that petitioner, who was found to have been negligent in dealing with a stray kitten in her backyard, was afforded due process in a hearing conducted by the Department of Education. We find that the arbitrator, who rejected the charges of intentional misconduct and only found petitioner to have behaved negligently, conducted the hearing in

an impartial manner. Since, as the arbitrator found, petitioner has a 15-year, unblemished record as a high school teacher and the conduct for which she was charged was completely unrelated to her professional work, we find that the fine imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (*see Matter of Principe v New York City Dept. of Educ.*, 94 AD3d 431 [1st Dept 2012], *affd* 20 NY3d 963 [2012]; *see also Matter of Diefenthaler v Klein*, 27 AD3d 347 [1st Dept 2006]) and reduce it accordingly.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Acosta, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ. ■