■ In the Matter of ERICKA BOLT, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION, Appellant. [42 NYS3d 151]—

Order and judgment (one paper), Supreme Court, New York County (Joan M. Kenny, J.), entered April 28, 2015, which granted the petition to vacate an arbitrator's opinion and award, dated October 15, 2014, terminating petitioner's employment with respondent based on her misconduct, and denied respondent's cross motion to dismiss the petition, unanimously modified, on the law, to confirm the Arbitrator's determination that petitioner is guilty as charged in specifications 2 and 3 (a), (b), (c) and (d), and to remand the matter to respondent for imposition of a lesser penalty, and otherwise affirmed, without costs.

Notwithstanding the existence of conflicting testimony, the Arbitrator's findings of misconduct on specifications 2, 3 (a), (b), (c) and (d) are supported by adequate evidence and are not irrational (*see Lackow v Department of Educ. [or "Board"] of City of N.Y.*, 51 AD3d 563, 567-568 [1st Dept 2008]). However, while we confirm the Arbitrator's finding, based on the

testimony of three students, that petitioner "directly or indirectly," assisted several students on a standardized English Language Arts exam, we find that under the circumstances presented here the penalty of termination shocks our sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234 [1974]).

"[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals. Additional factors would be the prospect of deterrence of the individual or of others in like situations, and therefore a reasonable prospect of recurrence of derelictions by the individual or persons similarly employed. There is also the element that the sanctions reflect the standards of society to be applied to the offense involved" (*Pell*, 34 NY2d at 234).

While petitioner's behavior in suggesting to several students that some of their answers might be wrong demonstrated a lapse in judgment, petitioner did not provide the students with the correct answers and there is no evidence that the incident was anything but a one-time mistake (*see Matter of Diefenthaler v Klein*, 27 AD3d 347, 349 [1st Dept 2006] ["we find it shocking to the conscience that these long-standing and well-regarded employees have been terminated for such an isolated error of judgment"]). Prior to her termination in October 2014, petitioner, a tenured teacher who had worked for respondent since 2003, had an unblemished record and, as the OSI investigator testified, was considered to be a good teacher (*see Matter of Solis v Department of Educ. of City of N.Y.*, 30 AD3d 532, 532 [2d Dept 2006] [termination disproportionate "(i)n light of, among other things, the petitioner's otherwise unblemished 12-year record as a teacher"]). Moreover, the record is devoid of evidence that would suggest petitioner could not remedy her behavior.

*Matter of Carangelo v Ambach* (130 AD2d 898 [3d Dept 1987], *lv denied* 70 NY2d 609 [1987]), cited by the dissent, does not mandate a different result. In *Carangelo*, the teacher was found guilty of failing to properly safeguard his students' Regents examinations, failing to accurately grade them and altering answers. The evidence indicated that of 705 answers on 15 examinations, 79 were altered. The teacher admitted that it was apparent that the answers had been changed by someone

other than the students and that he did nothing about it, and the District's expert opined that it was highly probable that the teacher made 76 of the 79 changes (*id.* at 899). In affirming the penalty of termination, the Third Department found that "[a]ltering the answers given on an examination, or even ignoring alterations obviously not made by the student, amounts to a serious breach of a teacher's obligations" (*id.* at 900). Here, petitioner pointed out to several students that certain answers on their exams might be wrong and suggested they take another look at them. She did not alter any of her student's answers or advise them what the correct answers were.

Nor does *Matter of Carlan v Board of Educ. of Lawrence Union Free School Dist.* (128 AD2d 706 [2d Dept 1987]), cited in the Arbitrator's report, mandate the penalty of termination. In *Carlan,* the petitioner was found "guilty of some 53 charges and specifications concerning, inter alia, repeated and continuous neglect of duty, insubordination, failure to prepare and grade certain final examinations, and manipulation of students' test scores" (*id.* at 707). Concur—Acosta, Andrias, Manzanet-Daniels and Webber, JJ.

Sweeny, J., dissents in part in a memorandum as follows: I concur with the majority that there is no basis to overturn the factual findings reached by the Arbitrator.

I disagree that the matter should be remanded for imposition of a lesser penalty. The majority is in error to say the penalty of termination is so shocking to the conscience that it must be vacated.[1] The majority has accepted the Arbitrator's findings wherein he found credible the testimony of three separate students that petitioner assisted them and other students by pointing out a number of answers to be changed in a statewide English proficiency exam. Where I depart from the majority is their attempt to, for example, compare an employee neglecting to do carpentry work in a lavatory (*Matter of Diefenthaler v Klein*, 27 AD3d 347 [1st Dept 2006]) to a teacher who violated the integrity of a school examination.

In a case with a fact pattern similar to this, the Third Department found "petitioner's offense goes to the heart of one of the most integral aspects of the education process: integrity in conducting examinations" (*Matter of Carangelo v Ambach* 130 AD2d 898, 900 [3d Dept 1987], *lv denied* 70 NY2d 609 [1987]).

---

1. I agree with the majority that the seminal cases such as *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County* (34 NY2d 222 [1974]) clearly set out the heavy burden to vacate an arbitrator's penalty determination. I disagree to their application herein.

The Arbitrator found, and the majority does not challenge, that petitioner "[c]ommitted insubordination by assisting students during the administration of the statewide exams when she was expressly directed not to do so." He further found "that [petitioner] was the authority figure for these students, who were approximately ten years old at the time the incident occurred, and that she had the responsibility to set a good example for her students to emulate. [T]he message that her conduct conveyed to these young students, that cheating is permitted, was completely inappropriate and more than harmful. . . . [H]er actions demonstrated a lack of integrity and irrevocably comprised her ability to serve as a role model for students."

That petitioner had a previously unblemished record is not compelling, especially with the facts herein (see *Matter of Russo v New York City Dept. of Educ.*, 25 NY3d 946 [2015]; *Altsheler v Board of Educ. of Great Neck Union Free School Dist.* 62 NY2d 656 [1984]; *Matter of Montanez v Department of Educ. of the City of N.Y.*, 110 AD3d 487 [1st Dept 2013]).[2]

Although the majority may feel a lesser penalty is more appropriate, as students and parents have the right to believe the testing process is fairly administered, it cannot be said that the penalty shocked one's sense of fairness (*Pell* at 234).

I would reverse the lower court and reinstate the arbitration decision along with the penalty of termination.

---

2. The majority's reliance in *Matter of Solis v Department of Educ. of City of N.Y.* (30 AD3d 532 [2d Dept 2006]) is not helpful as the underlying act the teacher committed in that case was not explained.