Matter of Diamond v Diamond (2021 NY Slip Op 00230)





Matter of Diamond v Diamond


2021 NY Slip Op 00230


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 29528/19E Appeal No. 12862 Case No. 2020-03275 

[*1]In the Matter of Warren Diamond, Petitioner-Respondent,
v
Scott Diamond, Respondent-Appellant, Nacirema Management Associates, LLC, et al., Respondents.


Pryor Cashman LLP, New York (Eric D. Dowell of counsel), for appellant.
Stanley Kalmon Schlein, Bronx, for respondent.



Order and judgment (one paper), Supreme Court, Bronx County (Eddie J. McShan, J.), entered July 28, 2020, which, to the extent appealed from as limited by the briefs, vacated paragraphs one and six of the arbitral award dated July 15, 2019, and remanded the matter to a different arbitral panel for proceedings on respondent Scott Diamond's (Scott) claim for damages for the sale of his 21% interest in nominal respondent Jerome JSD Holdings, LLC (JSD), unanimously reversed, on the law, with costs, and the arbitration award reinstated in full. The Clerk is directed to enter judgment confirming the award.
The arbitration clause in JSD's operating agreement was broad, and clearly encompassed the parties' dispute over the sale of Scott's ownership interest therein. Petitioner's due process rights were not violated by the panel's consideration of Scott's claim for damages arising from the sale of his interest. To the contrary, petitioner had notice of Scott's claim and ample opportunity to be heard (see Matter of Beckman v Greentree Sec., 87 NY2d 566, 570 [1996]; Matter of Brito v Walcott, 115 AD3d 544, 545 [1st Dept 2014]). Petitioner was necessarily aware from the inception of the arbitration proceedings of Scott's claim that petitioner had converted Scott's ownership interest by use of a forged instrument. The panel was then free to fashion a suitable remedy based on the evidence adduced before it (see Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788, 793 [1976]; Chef Chloe, LLC v Wasser, 168 AD3d 610 [1st Dept 2019]).
Petitioner was also aware from Scott's pre-hearing briefing that Scott would be seeking damages for the conversion, rather than reinstatement of his interest. Towards the close of the evidentiary hearing, the panel heard petitioner's objection to Scott's pursuit of damages, on similar grounds that he pursues on appeal. The panel advised petitioner to brief the issue post-hearing, and the parties did so. Moreover, the evidence relied on by the panel to determine the value of Scott's interest, namely the quanta of repeated arm's length offers and transactions immediately before and after the challenged sale of Scott's interest, was more than adequate to support the panel's determination. Thus, the determination was rationally supported by the evidence adduced at the hearing (see Matter of Travelers Ins. Co. v Job, 239 AD2d 289, 292 [1st Dept 1997]).
Petitioner's reliance on a December 2019 Federal District Court ruling in Florida that Scott had spoliated evidence is unavailing. That ruling cannot have preclusive effect on the arbitral panel's ruling, which was first in time (see Feinberg v Boros, 99 AD3d 219, 226 [1st Dept 2012], lv denied 21 NY3d 851 [2013]). In any event, the fact that another tribunal hearing the same discovery matters as the arbitral panel here came to a different conclusion is no basis for vacatur of the award. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, [*2]FIRST DEPARTMENT.
ENTERED: January 14, 2021