■ Daniel O'Callaghan, Appellant, v Meatto, Russo, Burke & Wallace, Respondents.—Order, Supreme Court,

New York County (Harold Baer, Jr., J.), entered June 30, 1989, denying plaintiff's motion for partial summary judgment, and an order of transfer of the same court, entered the same date, removing this action, pursuant to CPLR 325 (d), from Supreme Court to Civil Court of the City of New York, unanimously affirmed, without costs.

Plaintiff commenced this action against defendant law firm alleging five causes of action for breach of contract, unjust enrichment, conversion, fraud and undue influence. The complaint arises out of a payment made by plaintiff to defendant of $10,000, which, plaintiff alleges, constituted a retainer fee. Defendant, on the other hand, alleges that the payment represented rental fees for office space at its premises, held for plaintiff's use. Given the dispute between the parties and the lack of documentary evidence to substantiate either party's position, there exists an issue of fact as to whether the $10,000 payment was a retainer or rental payment, and the motion court properly denied partial summary judgment. (See, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Zuckerman v City of New York, 49 NY2d 557.) That defendant served its opposition papers on the return date is not, as argued, a basis for granting plaintiff partial summary judgment. Apparently, the court, exercising its discretion pursuant to CPLR 2004, considered the opposition papers despite the late service. Since plaintiff was afforded the opportunity to reply, he cannot show any prejudice as a result of the late service.

Plaintiff claims that the motion court improperly removed this matter to the Civil Court since the Civil Court is without jurisdiction to grant an accounting. Plaintiff, however, has never sought an accounting; nor does the complaint seek such relief. Thus, we reject the argument. Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.