OPINION OF THE COURT
Francesca E. Connolly, J.
Summary
In 2010, Education Law § 3020-a was amended to create an expedited hearing process for the termination of teachers charged with “incompetence” based upon a “pattern of ineffective teaching,” statutorily defined as “two consecutive annual ineffective ratings received by a classroom teacher” (see Education Law §§ 3020-a [3] [c] [i-a] [former (A)]; 3012-c [6], as added by L 2010, ch 103, §§ 1, 5). In this matter, the respondent Bedford Central School District charged the petitioner, a tenured music teacher, with incompetence and recommended a penalty of termination after she received two consecutive annual ineffective ratings. Following a hearing held pursuant to Education Law § 3020-a, Hearing Officer Robert Simmelkjaer rendered a determination dated December 23, 2014, sustaining the charge of incompetence, upholding the respondent’s recommended penalty of termination, and directing the respondent to terminate the petitioner’s employment.
The petitioner commenced this special proceeding pursuant to CPLR article 75 for a judgment, among other things, vacating the Hearing Officer’s determination, prohibiting the respondent from enforcing the terms of the determination, restor *677 ing the petitioner to her tenured teaching position, and returning her to the position of a classroom teacher in full capacity in conformity with her teaching license and rights of tenure as set forth in the collective bargaining agreement. The respondent opposes the petition.
After considering the parties’ contentions and reviewing the record, the court finds that the Hearing Officer’s determination was supported by adequate evidence in the record, was not arbitrary and capricious, and was in accord with due process. Accordingly, the petition is denied.
Factual and Procedural Background
The petitioner is a certified K-12 general music teacher who has taught in New York State public schools for 18 years. She began teaching in the respondent’s District in 1999, and received tenure in 2001. For many years she received satisfactory evaluations. Beginning in the 2010-2011 school year, the petitioner was transferred to the Bedford Village Elementary School, where she provided general music instruction to the K-5 grade levels, and taught classes in the Supporting Academics and Independent Living Program (SAIL), a self-contained elementary school program for severely autistic children.
In the 2011-2012 school year, the respondent began evaluating teachers using the new “annual professional performance review” (APPR) system. Under that review system, the petitioner received an APPR rating of “developing.”
For the 2012-2013 school year, the petitioner received an APPR rating of “ineffective.” The petitioner appealed her score to a joint review board, consisting of two union-appointed members and one district-appointed member. The joint review board unanimously denied her appeal. The petitioner did not appeal the denial to the superintendent level. As a result of her rating, the petitioner was placed on a Teacher Improvement Plan (hereinafter TIP) pursuant to Education Law § 3012-c.
For the 2013-2014 school year, the petitioner received a second consecutive APPR rating of “ineffective.” Once again, she appealed her score to a joint review board, consisting of two union-appointed members and one district-appointed member, which board unanimously denied her appeal. The petitioner then appealed her score to the superintendent, who upheld the denial.
*678 The Charge of Incompetence
Based upon the petitioner’s two consecutive “ineffective ratings,” on September 3, 2014, pursuant to Education Law § 3020-a, the respondent preferred a charge of incompetence, based upon a demonstrated pattern of ineffective teaching and performance. The charge contained seven specifications, as follows: (1) with respect to the 2011-2012 school year, failing to consistently engage students in learning, designing appropriate lessons, and differentiating instruction to address diverse learning needs, despite receiving substantial guidance; (2) with respect to the 2011-2012 school year, receiving an APPR rating of “developing”; (3) with respect to the 2012-2013 school year, failing to consistently engage students in learning, designing appropriate lessons, and differentiating instruction to address diverse learning needs, despite receiving substantial guidance; (4) with respect to the 2012-2013 school year, receiving an APPR rating of “ineffective”; (5) with respect to the 2013-2014 school year, for failing to significantly improve her performance despite implementation of a TIP; (6) with respect to the 2013-2014 school year, receiving an APPR rating of “ineffective”; and (7) with respect to the 2013-2014 school year, for giving her third through fifth grade students identical report card grades, despite counseling after a prior incident directing her to individuate her grades.
The Hearing and the Hearing Officer’s Determination
After the charges were preferred, the petitioner timely requested a hearing before an administrative hearing officer empowered to hear and determine the charges against her. At the hearing, the respondent called the following witnesses: Andrew Patrick, Assistant Superintendent for Curriculum and Instruction; Karen Eldon, Principal of the Bedford Village Elementary School; Dr. Paul Tooker, Performing Arts Coordinator; and Gina Healy, Assistant Superintendent for Human Resources. In addition to giving testimony on her own behalf, the petitioner called Dr. Tina Brescia, Director of Onsite Services of the Music Therapy Institute of the Music Conservatory of Westchester, who worked with the petitioner with the SAIL students; and Eric Marshall, Labor Relations Specialist for the New York State United Teachers.
In a determination dated December 23, 2014, the Hearing Officer found that the respondent established specifications 3 *679 through 6 by a preponderance of the evidence, but that it failed to establish specifications 1 and 7.[1]
As to specification 3, relating to her performance during the 2012- 2013 school year, the Hearing Officer credited the testimony of Principal Eldon, who visited the petitioner’s classroom three to four times throughout the year and found that the petitioner’s classes were “teacher-centered,” that her students were not engaged, and that, despite working with the petitioner weekly on her lesson plans, there was no improvement. The Hearing Officer also credited the testimony of Assistant Superintendent Patrick, who testified that, despite working with the petitioner on her lesson plans during the months of March through June of 2013, there was no improvement. The Hearing Officer also relied on the petitioner’s 2012-2013 APPR, which contained a rating of “ineffective,” and included, among other things, feedback that the petitioner failed to plan engaging lessons and assess student learning, and that the petitioner often refuted her supervisors’ efforts to present constructive feedback.
As to specification 5, relating to her performance during the 2013- 2014 school year, the Hearing Officer credited the testimony of Dr. Tooker, who visited the petitioner’s classroom five to six times throughout the year and expressed concern that the petitioner’s students were not engaged, and that the petitioner was not making a meaningful connection with her students. He further credited the testimony of Principal Eldon who, like Dr. Tooker, visited the petitioner’s classroom on numerous occasions during the 2013-2014 school year and found that she failed to provide appropriate lesson plans, continued to teach in a “teacher-centered” manner with limited student engagement, and employed student objectives that were not student-friendly.
As to specifications 4 and 6, relating to her two consecutive ineffective ratings, the Hearing Officer first determined that the respondent’s APPR appeals procedure precluded the petitioner from appealing her “ineffective” APPR ratings through a non-expedited Education Law § 3020-a hearing and, further, that the respondent’s collectively-bargained appeals procedure provided the petitioner a fair and reasonable opportunity to contest her ratings. The Hearing Officer also *680 determined that no procedural violations occurred during the 2012-2013 and 2013-2014 joint review board meetings, finding that the language contained in the respondent’s APPR appeals procedure afforded the joint review board the power to review documents submitted ex parte by an evaluator, as well as the power to review any documents referenced, but not submitted by the petitioner in her appeals packet.
Based upon the foregoing, the Hearing Officer sustained the charge of incompetence against the petitioner, finding that the petitioner “is not competent as a teacher of general music in the music tenure area.” He further stated that “[i]n making this finding, the Hearing Officer predominantly relies on the two consecutive APPR annual ratings of ‘Ineffective’ that [the petitioner] received for the 2012-2013 and 2013-2014 school years.”
In determining the penalty, the Hearing Officer concluded that he had “no reasonable alternative except to uphold the penalty of termination recommended by the [respondent].” Accordingly, the Hearing Officer directed the respondent to terminate the petitioner’s employment.
The Instant Proceeding
The petitioner commenced this proceeding pursuant to CPLR article 75 to set aside the Hearing Officer’s determination.
Concerning specification 3, the petitioner contends that Principal Eldon provided limited to no guidance to her throughout the 2012-2013 school year, only performing one short visit to her classroom, instituting an incomplete set of goals for improvement, failing to implement a TIP, and failing to ask the petitioner to submit her lesson plans weekly for review. The petitioner further contends that she was not given credit for her work with the SAIL Program and on school-wide assemblies, or in meeting her goal to double the chorus enrollment. Finally, the petitioner contends that, while reassigned to the administrative office to work with Assistant Superintendent Patrick, he only provided written feedback on one of her lesson plans, and failed to provide feedback in any form on any of the lessons plans submitted after May 21, 2013.
Concerning specification 5, the petitioner contends that she substantially improved during the 2013-2014 school year by substantially complying with her TIP, arguing that she submitted acceptable lesson plans and sub plans to Principal Eldon throughout the 2013-2014 school year. The petitioner also *681 contends that the photographs she took of students participating in her class, as well as a video of the spring 2014 concert, demonstrate that she engaged her students and built positive relationships with them. She further contends that she used a variety of assessment methods to assess her students, and complied with the TIP by submitting her yearlong planning document.
Concerning the two consecutive ineffective ratings (specifications 4 and 6), the petitioner contends that the appeals process for both ratings violated the respondent’s APPR appeals procedure in that the joint review board exceeded the scope of its review by reviewing additional documentation beyond that submitted by the petitioner. For the 2013-2014 school year, the petitioner further contends that the joint review board exceeded its power when it considered an unsolicited letter written by Principal Eldon. Finally, the petitioner contends that she was not given credit for all of the work she did for the 2012-2013 and 2013-2014 school years, which negatively affected her APPR ratings.
The Respondent’s Opposition
In opposition to the petition, the respondent contends that the December 23, 2014 determination is supported by the record and, further, that the penalty of discharge is not shocking to the conscience, and is the only appropriate remedy for a teacher found to be incompetent. In addition, the respondent contends that the petitioner’s prior disciplinary finding of misconduct, for which she was fined 10% of one year’s pay— approximately $12,000 — by a hearing officer following a 3020-a hearing, is an aggravating factor that further supports the penalty of discharge under the principle of progressive discipline.
Discussion/Analysis
“Education Law § 3020-a, generally known as the Tenure Law, affords procedural protections to tenured teachers, in that a tenured teacher cannot be discharged from employment without proper cause, notice, and a hearing” (Matter of Sanders v Board of Educ. of City School Dist. of City of N.Y., 17 AD3d 682, 683 [2d Dept 2005]). “The purpose of the statute is to protect teachers from the arbitrary imposition of formal discipline or removal” (id.).
In 2010, the Education Law was amended to provide an expedited hearing process where charges of incompetence are *682 brought against a classroom teacher solely upon “a pattern of ineffective teaching or performance,” a phrase statutorily defined as “two consecutive annual ineffective ratings . . . pursuant to annual professional performance reviews” (see Education Law §§ 3020-a [3] [c] [i-a] [former (A)-(C)]; 3012-c [6]; see also L 2010, ch 103, §§ 1, 5). Under the APPR, teachers’ performances are reviewed each year, resulting in a teacher effectiveness score, which incorporates multiple measures of effectiveness related to the criteria included in the Regulations of the Commissioner of Education (see 8 NYCRR 100.2 [o]). The statute delineates quality rating categories based upon scoring ranges of “highly effective,” “effective,” “developing,” or “ineffective,” which are used to differentiate teacher and principal effectiveness (see Education Law § 3012-c [2] [a]).
Notably, in the context of a disciplinary hearing charging a teacher with incompetence, “a pattern of ineffective teaching or performance as defined in [Education Law § 3012-c],” i.e., two consecutive ineffective ratings, “shall constitute very significant evidence of incompetence” (Education Law § 3020-a [3] [c] [i-a] [former (B)] [emphasis added]).[2]
In addition to the grounds for setting aside an arbitration award set forth in CPLR 7511 (b) (1), which include misconduct, partiality of the arbitrator, abuse of power, and procedural irregularities, “[w]here, as here, the parties are compelled to engage in arbitration by statutory mandate, judicial review under CPLR article 75 is broad, requiring that the award be in accord with due process and supported by adequate evidence in the record” (Matter of Trupiano v Board of Educ. of E. Meadow Union Free School Dist., 89 AD3d 1030, 1031 [2d Dept 2011] [internal quotation marks and citation omitted]). “Therefore, such an award here must have evidentiary support and cannot be arbitrary and capricious” (id. at 1032 [internal quotation marks omitted]). “When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the arbitrators’ credibility determinations, even where there is *683 conflicting evidence and room for choice exists” (Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d 1012, 1013 [2d Dept 2009]).
Here, after reviewing the record of the hearing, the court finds that the Hearing Officer’s determination is supported by the record, is not arbitrary and capricious, and is in accord with due process. Under the version of the Education Law in effect at the time of her hearing, the petitioner’s two consecutive ineffective ratings under the APPR system constituted “very significant evidence of incompetence” (Education Law § 3020-a [3] [c] [i-a] [former (B)]). The petitioner had a full and fair opportunity to appeal those ineffective ratings to an impartial review board consisting of two union-appointed members and one district-appointed member, who sustained the ineffective ratings. She further appealed her 2013-2014 ineffective rating to the superintendent of schools who upheld the rating.
Moreover, in addition to the weight properly given to the petitioner’s APPR ratings, the Hearing Officer’s determination was supported by additional proof that the petitioner failed to improve her performance during the 2012-2013 and 2013-2014 school years with respect to, among other things, the engagement of her students and designing appropriate lesson plans. The hearing record provides a rational basis for the Hearing Officer’s finding that the petitioner failed to improve despite guidance from the administration and the implementation of a Teacher Improvement Plan. Viewing the record as a whole, the determination that the petitioner was incompetent was not arbitrary and capricious.
Finally, in reviewing the Hearing Officer’s penalty of termination, the court cannot say that it was so disproportionate as to be shocking to one’s sense of fairness (see Matter of Saunders v Rockland Bd. of Coop. Educ. Servs., 62 AD3d at 1013 [“we cannot conclude that the penalty of termination from his teaching position was so disproportionate to the offenses as to be shocking to one’s sense of fairness, thus constituting an abuse of discretion as a matter of law”]).
Under these circumstances, the petition to set aside the Hearing Officer’s determination must be denied.
Based upon the foregoing, it is hereby ordered that the petition is denied and the proceeding is dismissed; and it is further *684 ordered that all other relief requested and not decided herein is denied.

. The petitioner did not challenge specification 2, to wit, that she received an APPR rating of “developing” for the 2011-2012 school year.

. Effective July 1, 2015, the Education Law was further amended to include section 3020-b, providing “[s]treamlined removal procedures for teachers rated ineffective.” Pursuant to Education Law § 3020-b, two consecutive ineffective APPR ratings “shall constitute prima facie evidence of incompetence that can be overcome only by clear and convincing evidence that the employee is not incompetent in light of all surrounding circumstances, and if not successfully overcome, the finding, absent extraordinary circumstances, shall be just cause for removal” (Education Law § 3020-b [3] [c] [v] [A] [emphasis added]).