■ In the Matter of Alicia Davis, Appellant, v New York City Board/Department of Education, Respondent. [30 NYS3d 2]—

Order and judgment (one paper), Supreme Court, New York County (Carol E. Huff, J.), entered April 3, 2014, which denied the petition brought pursuant to CPLR article 75 to annul the Hearing Officer's award recommending termination of petitioner's employment as a tenured teacher, and granted respondent's cross motion to dismiss the petition, unanimously affirmed, without costs.

Education Law § 3020-a (5) limits judicial review of a hearing officer's determination to the grounds set forth in CPLR 7511. Where, as here, the parties are subject to compulsory arbitration, the award must also comport with due process and cannot be arbitrary and capricious (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011]; Matter of Brito v Walcott, 115 AD3d 544, 545 [1st Dept 2014]).

The court properly found that the award was not arbitrary and capricious and was well supported by the evidence. The Hearing Officer engaged in a through analysis of the facts and circumstances, evaluated witnesses' credibility, and arrived at a reasoned conclusion. Petitioner's due process rights were not violated because she was provided with notice, an appropriate hearing, and the opportunity to present evidence and cross-examine witnesses (see Matter of Ajeleye v New York City Dept. of Educ., 112 AD3d 425 [1st Dept 2013]).

Petitioner failed to sustain her burden of demonstrating bias or misconduct by the Hearing Officer, who did not exceed her powers (see Batyreva v N.Y.C. Dept. of Educ., 95 AD3d 792 [1st Dept 2012]).

The penalty of termination is not excessive. The record demonstrates that respondent provided petitioner with assistance and numerous opportunities to improve her skills. The record supports the Hearing Officer's conclusion that petitioner was either unable or unwilling to adjust her teaching methods to comply with her supervisors' appropriate directives (see e.g. Matter of Davies v New York City Dept. of Educ., 117 AD3d 446 [1st Dept 2014]; Matter of Benjamin v New York City Bd./Dept. of Educ., 105 AD3d 677 [1st Dept 2013]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.