Matter of Board of Educ. of the City Sch. Dist. of the City of New York v McKeever (2024 NY Slip Op 01979)

Matter of Board of Educ. of the City Sch. Dist. of the City of New York v McKeever

2024 NY Slip Op 01979

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Index No. 453166/21 Appeal No. 2032 Case No. 2022-03225 

[*1]In the Matter of Board of Education of the City School District of the City of New York, Petitioner-Respondent,
v
James McKeever, etc., Respondent, Bishme Allah, Respondent-Appellant.

Office of Robert T. Reilly, New York (Gregory Michael Ainsley of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (William Perry, J.), entered on or about June 30, 2022, granting petitioner Board of Education of the City School District of the City of New York's (BOE) petition to vacate an arbitration decision and award rendered by respondent Hearing Officer, unanimously affirmed, without costs.
BOE commenced disciplinary proceedings against respondent Bishme Allah, a tenured social worker at a Department of Education juvenile detention center, following investigations into allegations that he had inappropriately touched his then-girlfriend's daughter (Student A) on multiple occasions between 2012 and 2014, beginning when she was 12 years old. At Allah's Education Law § 3020-a disciplinary hearing, the BOE called several witnesses, including at least three individuals who investigated Student A's claims, along with Student A's mother. It also submitted an order of fact-finding and disposition issued by Family Court, which, among other things, found Allah guilty of sexually abusing Student A and ordered him to complete a sex offender program. Nevertheless, respondent Hearing Officer dismissed all seven specifications against Allah, finding that the evidence did not support BOE's charges against him. This article 75 proceeding ensued.
Preliminarily, the court providently granted an extension of BOE's time to serve the petition, as BOE made diligent efforts to serve Allah and there was no showing of prejudice (see Deutsche Bank, AG v Vik, 149 AD3d 600, 600 [1st Dept 2017]; Sutter v Reyes, 60 AD3d 448, 449 [1st Dept 2009]).
The court properly vacated the Hearing Officer's award, as it was not rational or supported by adequate evidence (Matter of Asch v New York City Bd./Dept. of Educ., 104 AD3d 415, 419 [1st Dept 2013]; see also Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 567 [1st Dept 2008]). The officer's finding that Student A's failure to testify at the hearing violated Allah's due process rights is erroneous, as due process requires only that Allah have the opportunity to call witnesses and present evidence at the hearing, which he did (see Matter of David v New York City Bd./Dept. of Educ., 137 AD3d 716, 717 [1st Dept 2016]). Furthermore, the Hearing Officer disregarded the testimony of witnesses from the NYPD and various state agencies who interviewed Student A and investigated her allegations regarding Allah on grounds that it was "hearsay" evidence. However, hearsay is admissible in disciplinary proceedings (see Education Law § 3020-a[3][c]; Matter of Smith v New York City Dept. of Educ., 109 AD3d 701, 702 [1st Dept 2013], lv denied 22 NY3d 856 [2013]).
The Hearing Officer's rejection of Family Court's order of fact-finding and disposition finding Allah guilty of child sexual abuse, on the sole basis that the disciplinary proceeding requires de novo review, was also irrational (see e.g. Matter of Board of Educ. Of Dundee Cent. School Dist. [Coleman], 96 AD3d [*2]1536, 1538-1539 [4th Dept 2012]). In reaching its determination, Family Court reviewed evidence and testimony from 11 witnesses, including Student A and investigators from various state agencies, during its fact-finding hearing. The Hearing Officer similarly ignored or gave minimal weight to the numerous pieces of evidence supporting BOE's specifications while misconstruing witness testimony to find that Student A's allegations were not credible. Given that stricter judicial scrutiny is applied to determinations rendered in compulsory arbitration (see Lackow, 51 AD3d at 567; Austin v Board of Educ. of City School Dist. of City of N.Y., 280 AD2d 365, 365 [1st Dept 2001]), BOE more than met its burden of showing that vacatur of the award is warranted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024